## THE KING vs. J. H. REEVE.

### MOTION FOR A NEW TRIAL.

### JULY TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

The defendant was convicted at the Circuit Court for the Third
Judicial Circuit on a charge of cattle stealing, and applied to this
Court for a new trial on the ground of surprise, and that the ver-
dict was against evidence, and also upon the ground of newly
discovered evidence.

The two first grounds had been disposed of in a former case reported
at page 313, ante.

Held, (Dole, J. dissenting) that the application should have been
filed within ten days of the trial, and as no such application had
been filed, the motion was too late.

The Court will under special circumstances hear such a motion, upon
sufficient cause shown, although the affidavits in support are filed
after the expiration of ten days.

### OPINION OF THE COURT, BY PRESTON, J.

The defendant was convicted at the term of the Circuit Court
of the Third Judicial Circuit, held at Hilo, in May last, on a
charge of cattle stealing.

Application was made to the Circuit Court for a new trial, on
the grounds that the verdict was against the law and the evi-
dence, and of surprise.

This motion was refused on the ground that the Circuit Court
could not grant a new trial in a criminal case.

Exceptions to this ruling were duly taken and argued before
us at this present term, when the same were overruled. (Ante,
page 313.)

Mr. Hartwell now, on behalf of the defendant, moves for a
new trial on the grounds before mentioned, and also on the
ground of newly discovered evidence.

Mr. Peterson, Deputy Attorney-General, took a preliminary
objection to the motion, that it was too late.

## By the Court.

This Court has granted new trials in criminal cases upon sufficient grounds being shown, but according to the precedents and practice such applications for new trials of cases tried by Circuit Courts have only been entertained upon bills of exceptions alleged at the time, and certified by the Justice presiding at that Court.

In cases of applications for new trials for causes not occurring during the progress of the trial, the application should be filed with the Clerk of the Supreme Court within ten days of the trial, and the Court, under its general right of supervision over other Courts, would entertain the application, and in special cases, upon sufficient cause shown, might hear the application although the affidavits in support were filed after the expiration of the ten days.

In this case no such exceptions were taken, and no motion filed within ten days, and we therefore hold that the application is too late, and the motion on behalf of the Crown must therefore prevail, and

The motion on behalf of the defendant dismissed.

*A. P. Peterson* (Deputy Attorney-General), for prosecution.

*A. S. Hartwell*, for defendant.

---

## Dissenting Opinion of Mr. Justice Dole.

There is no statute or rule of Court that limits the Supreme Court in Banco to the ten day rule in motions for new trials from the Circuit Courts in criminal cases, nor do any of the decisions lay down such a rule. In *Malani vs. Puhi*, 5 Hawn., 505-6, the Court say: "The rule of Court VIII. which provides that 'motions for a new trial, on account of misconduct of the jury, for newly discovered evidence * * * must be made in writing and filed with the Clerk within ten days after the verdict,' is a rule made by the Court with a view to the interpretation of the practice of the Courts, and is subject to the

22

control and discretion of the Court, and therefore the Court in its discretion and on proper cause shown, and to prevent an injustice being done, will interfere and let the parties in, but each case must stand on its own merits." This was a civil case, and under both the statute and the rule of Court, the case at bar being under neither, the argument for the exercise of a liberal discretion by the Court is much stronger in the case quoted.

It is clear to me that the Court is at liberty to consider the motion and affidavits for a new trial in this case.